IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY CARRICO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:14-cv-00817-MJR-SCW |
| ) | |
| LABCORP DCL LABS, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 USC §§ 1332, 1441, 1446, and 1447, Defendant Laboratory Corporation of America Holdings ("LCAH") (incorrectly named herein as "LabCorp DCL Labs"), by and through its undersigned counsel, hereby removes the matter captioned *Carrico v. LabCorp DCL Labs*, Case No. 14-L-516, from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois.  In support of removal, LCAH respectfully states the following:

## INTRODUCTION

1.  On or about June 23, 2014, Plaintiff Terry Carrico ("Plaintiff") commenced this action, entitled *Carrico v. LabCorp DCL Labs*, Case No. 14-L-516, filed in the Circuit Court of the Twentieth Judicial Circuit in St. Clair County, Illinois.

2.  In his Complaint, Plaintiff attempts to bring a negligence claim against Defendant, alleging that it negligently failed to attend to the Plaintiff, failed to supervise Plaintiff, and failed to provide Plaintiff with proper care and attention, after his blood was drawn in its facility, and that as a result of that negligence, Plaintiff stood up, became dizzy, fell and struck his head, causing him to sustain severe and disabling injuries.

**BASIS FOR REMOVAL**

3. For the reasons set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because LCAH has satisfied the procedural requirements for removal. In addition, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this matter is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, and is between citizens of different states.

**I. LCAH HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4. Plaintiff filed his Complaint in the Circuit Court of the Twentieth Judicial Circuit on or about June 23, 2014. A copy of the Complaint was served upon LCAH on June 26, 2014. Accordingly, this Notice of Removal is timely filed within 30 days of service of the Complaint upon LCAH. *See* 28 U.S.C. § 1446(b)(1)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal.").

5. There are no other defendants to consent to this removal.

6. No further proceedings have been had in this action.

7. Venue is proper in this Court because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Therefore, this action is properly removed to the U.S. District Court for the Southern District of Illinois, pursuant to 28 U.S.C. § 93(c).

8. No previous application has been made for the relief requested herein.

9. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of the Complaint and Summons are attached hereto collectively as Exhibit A. To the best of LCAH's knowledge, the Complaint and Summons constitute all process, pleadings, and orders filed in the case to date.

10. Pursuant to 28 U.S.C. § 1446(d), LCAH certifies that written notice of the filing of this Notice of Removal will be filed with the Clerk of Courts of the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and served on all parties pursuant to the provisions of 28 U.S.C. §1446(b). A copy of the Notice to Clerk of Court of Removal to Federal Court is attached hereto as <u>Exhibit B</u>.

## II. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.**

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, pursuant to the provisions of 28 U.S.C. § 1441, LCAH may remove the state court action to this Court.

### A. **There Is Complete Diversity Between the Parties.**

12. Plaintiff is now, and was at the time of the filing of this action, a resident and, upon information and belief, a citizen of Illinois. (Complaint ¶ 1.)

13. LCAH was at the time of the filing of the Complaint and is at the time of filing of this Notice of Removal incorporated in the State of Delaware, with its principal place of business in the State of North Carolina. (Declaration of James V. O'Brien ("O'Brien Dec."), attached hereto as <u>Exhibit C</u>, at ¶3). Thus, LCAH is a citizen of both Delaware and North Carolina for the purposes of determining diversity; and, further, no defendant is a citizen of the state in which this action was brought. 28 U.S.C. § 1332(c)(1).

14. Hence, there is complete diversity between the plaintiff and defendant in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

      **B.**      <u>**The Amount in Controversy Requirement is Satisfied.**</u>

15.    Where a state permits recovery above the amount demanded, removal of an action is proper if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1446(c)(2)(B).

16.    In accordance with Illinois law, *see* 735 ILCS § 5/2-604, Plaintiff's Complaint does not allege a specific dollar amount Plaintiff is seeking in damages, although it seeks a judgment against Defendant "for such sum in excess of $50,000.00 as will fairly compensate him." (Complaint at Wherefore Clause.)

17.    Although Defendant contends that it was not negligent and is not liable to Plaintiff in any way, a review of the Complaint establishes that Plaintiff seeks to recover in excess of $75,000.00, exclusive of interest and costs, as required for diversity jurisdiction under 28 U.S.C. § 1332.

18.    The jurisdictional minimum for removal is satisfied when it is "obvious from a common-sense reading of the complaint that" plaintiff is "seeking in excess of $75,000.00 in damages." *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002). This "common-sense" test is satisfied in personal injury cases "when plaintiffs allege serious, permanent injuries and significant medical expenses." *Id.* at 941. *See, e.g.*, *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (Posner, J.) (holding that jurisdictional minimum for removal was satisfied in prescription drug product liability case where plaintiff's complaint alleged a "litany of injuries," including "thromboembolic events"); *Kancewick v. Howard*, 2008 WL 4542970, *3 (N.D. Ill. April 3, 2008) (holding that jurisdictional minimum for removal was satisfied where complaint in auto tort case alleged plaintiff "suffered severe and permanent injuries of a personal and pecuniary nature").

19. It is "obvious from a common-sense reading of the complaint" in this case that Plaintiff is alleging damages in excess of $75,000.00. Plaintiff alleges serious, permanent injuries and significant medical expenses. (Complaint ¶ 5.)

20. Although LCAH denies Plaintiff's allegations and believes they are without merit, it is clear, if these allegations are taken as true, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (O'Brien Dec. at ¶¶4-5).

WHEREFORE, LCAH respectfully gives notice that the above-captioned civil action pending against it in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, is removed therefrom to this Court pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

**LEWIS, RICE & FINGERSH, L.C.**

By: /s/ James V. O'Brien
James V. O'Brien, #3127548
Jayme E. Major, #6301863
600 Washington, Suite 2500
St. Louis, Missouri 63101
jobrien@lewisrice.com
jmajor@lewisrice.com
314/444-1317 (telephone)
314/612-1317 (facsimile)

*Attorneys for Defendant Laboratory Corporation of America Holdings*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of July, 2014, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Grey Chatham, Jr.<br>
Chatham & Baricevic<br>
4010 North Illinois Street<br>
Swansea, IL 62226

      /s/ James V. O'Brien
      James V. O'Brien