IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY CARRICO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-0817-MJR-SCW |
| | ) |
| LABCORP DCL LABS, | ) |
| | ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Terry Carrico brought this action against Defendant Labcorp DCL Labs on June 23, 2014 in Twentieth Judicial Circuit, St. Clair County, IL (Doc. 3-1 at 3). On July 17, 2014, Defendant removed the case to this Court (Doc. 3), and filed their answer the next day (Doc. 5). On September 11, 2015, the Plaintiff filed a motion to dismiss, seeking to voluntarily dismiss the action, pursuant to 735 ILCS 5/2-1009 (Doc. 37). Under the Illinois statute, a plaintiff may, prior to trial, dismiss an action without prejudice. **735 ILCS 5/2-1009(a).**

Unfortunately, the Court cannot grant the motion on these grounds. As the case was removed from state court, the Federal Rules of Civil Procedure apply. **FED. R. CIV. P. 81(c).** The Court must then construe the motion as one for voluntary dismissal under Rule 41. Under that Rule, a plaintiff may dismiss an action without the Court's involvement by filing either:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

**FED. R. CIV. P. 41(a)(1)(A).** Neither option applies in this case, as the Defendant has already filed its answer and the motion is not signed by all parties. Thus, the Court turns its attention to Rule 41(a)(2), which allows for dismissal by the Court "on terms that the court considers proper." **FED. R. CIV. P. 41(a)(2).** In general, "the purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment." *Bridgeport Music, Inc. v. Universal–MCA Music Publ'g, Inc.*, **583 F.3d 948, 953 (6th Cir. 2009).**

As the case appears to be settled, there are no counterclaims, and the Defendant has assented to the motion, there is no evidence to suggest that a dismissal without prejudice is unfair to either. Therefore, the Court **GRANTS** the Plaintiff's motion (Doc. 37), construed as a motion under Rule 41(a)(2), and **DISMISSES** the case **without prejudice**. The Court **CANCELS** all future hearings in this case, including the October 16, 2015 final pre-trial conference and the October 26, 2015 Jury Trial. The Clerk of Court is **ORDERED** to **CLOSE** the case.

IT IS SO ORDERED.

DATED: **September 11, 2015**

*s/ Michael J. Reagan*
Michael J. Reagan
Chief Judge
United States District Court